MARY MATERKA, ADMINISTRATRIX, ETC., RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Submitted November 9, 1916—Decided June 6, 1917.

1. It is for the jury to say what weight shall be given to the testimony of a witness, having an opportunity to hear, standing at or near the crossing where the accident occurred, and who testifies that he did not hear the blowing of a whistle or the ringing of a bell, in a grade crossing accident case.

2. It was not error in this case to refuse to direct a verdict in favor of the defendant on the ground that there was no proof of negligence on the part of the defendant, or because the decedent was guilty of contributory negligence. They were both jury questions. *Holmes* v. *Pennsylvania Railroad Co.*, 74 *N. J. L.* 469; *Weiss* v. *Central Railroad Co.*, 76 *Id.* 348; *Howe* v. *Northern Railroad Co.*, 78 *Id.* 683, distinguished.

On appeal from the Hudson Circuit Court.

Before Justices TRENCHARD and BLACK.

For the appellant, *Collins & Corbin* and *George S. Hobart.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

BLACK, J. This action was brought by the plaintiff, as administratrix of Ferdinand Materka, to recover damages for the benefit of his widow and next of kin, by reason of his death, on September 6th, 1912, by being struck by an eastbound express train, at the Park avenue grade crossing, in the borough of East Rutherford and Rutherford, Bergen county, while he was crossing the tracks on foot; at that crossing there were four tracks, safety gates and a watchman. A rule to show cause was allowed, reserving objections and exceptions noted at the trial. The verdict was reduced to the sum of four thousand ($4,000) dollars. The trial court refused to

set aside the verdict on the ground that it was against the weight of evidence. The points argued by the appellant for a reversal of the judgment are, first, there was no proof of negligence on the part of the defendant; second, a verdict should have been directed for the defendant because of contributory negligence of the decedent, Ferdinand Materka; third, error in the charge of the trial judge, and in the refusal to charge as requested, but this latter point involves the same points as are in the first two, except as hereinafter noted. This is the second trial of the case. The judgment recovered in the first trial was reversed by the Supreme Court for trial errors. The judgment of the Supreme Court was affirmed by the Court of Errors and Appeals. In the report of the case the facts are quite fully and satisfactorily stated. *Materka v. Erie Railroad Co.*, 88 N. J. L. 372.

The crux of the case is whether there was evidence, from which the jury might find, that the decedent attempted to make the crossing, while the safety gates were up and without receiving any warning from the flagman, that the train, which struck the decedent, approached the crossing without giving the statutory signals, of ringing a bell or sounding a steam whistle.

The record shows the following testimony:

David Harris, a witness, testified.

"*Q.* Were the gates up when you crossed over?

"*A.* Yes. * * * I crossed into East Rutherford and I saw this gentleman get off this trolley car and cross the railroad tracks.

"*Q.* Were the gates up when he crossed?

"*A.* The gates were up on one, yes.

"*Q.* On your side?

"*A.* The side I crossed the gate was up on, yes.

"*Q.* That is the side he entered the tracks from?

"*A.* That is the side he entered the tracks on.

"*Q.* When he came from the trolley car and went on the tracks the gates were up, I understand?

"*A.* That is right, sir.

"*Q.* After he got on the tracks what occurred? '

"*A.* Why; that gate on the Rutherford side went down.

"*Q.* Yes.

"*A.* And the gate on the East Rutherford side was up.

"*Q.* Yes.

"*A.* And I passed a remark.

"*Q.* You cannot tell what you said—just what you saw; you saw this?

"*A.* I saw this man cross the track and there was a train coming down the track, and I said to myself, I don't think he will get across, and with that I saw the man hit. * * *

"*Q.* Did you hear any whistle or bell up to the time you saw him hit?

"*A.* I did not, sir."

On cross-examination.

"*Q.* You did not know it was coming?

"*A.* No, sir.

"*Q.* You were not listening for it?

"*A.* No, sir.

"*Q.* Not paying any attention to it at all?

"*A.* No, sir.

"*Q.* I understand you to say, however, that you did see it coming; is that right, you did see the train coming before it struck Mr. Materka?

"*A.* Yes."

[Witness marks on a photograph, *Ex. P-5,* where he was standing at that time.]

Re-direct.

"*Q.* Now, Mr. Hobart asked you if you were listening for the express train; you did not know it was coming until you saw it, did you?

"*A.* No, sir.

"*Q.* And from the time you started across the crossing up to and until the time you saw the express train, had you heard any whistle or bell of any kind?

"*A.* No, sir."

Genevieve Ruth Saxly, a witness standing at the crossing at the time of the accident, did not hear any whistle before

the decedent was struck; she said she was not listening for whistles.

Under the rule laid down in the cases, in the Court of Errors and Appeals of this state, such as *Danskin* v. *Pennsylvania Railroad Co.*, 83 *N. J. L.* 522, 526; *Horandt* v. *Central Railroad Co.*, 81 *Id.* 488; *Waible* v. *West Jersey, &c., Railroad Co.*, 87 *Id.* 573; *McLean* v. *Erie Railroad Co.*, 69 *Id.* 57, 60; *affirmed*, 70 *Id.* 337, this evidence was for the jury—it made a jury question. The point cannot be removed from the domain of the jury.

The cases of *Holmes* v. *Pennsylvania Railroad Co.*, 74 *N. J. L.* 469; *Weiss* v. *Central Railroad Co.*, 76 *Id.* 348; *Howe* v. *Northern Railroad Co.*, 78 *Id.* 683, distinguished. So, contributory negligence of the decedent was also a jury question under such cases as *Brown* v. *Erie Railroad Co.*, 87 *Id.* 487; *Fernetti* v. *West Jersey, &c., Railroad Co.*, *Id.* 268.

This disposes of the case, except it is further urged that there was error in the refusal of the trial court to charge each of two specific requests in reference to the statutory signals and the operation of the crossing gates; each request covers separate charges of negligence. The judgment must be reversed, so it is argued, because the trial judge permitted the jury to base a verdict upon either ground, notwithstanding the specific requests submitted by the defendant with respect to each allegation of negligence. The court in the charge to the jury had covered each ground fully, accurately and clearly. The requests refused were, in effect, to take the case from the jury, hence this was not error, in view of the cases above cited.

The judgment of the Hudson Circuit Court is affirmed, with costs.